68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James NAPIER, Jr., Plaintiff-Appellant,
v.
Drew TORRES; Douglas Vanderkooy; City of Holland, all
individually and in their official capacities,
both jointly and severally; City of
Holland, sued as a person,
Defendants-Appellees.
 No. 95-1022.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 James Napier, Jr., a Michigan resident, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive, and monetary relief, Napier filed a complaint against two police officers and their employer, the city of Holland, Michigan. The complaint alleged that the defendants had arrested Napier without a warrant on September 15, 1994. Defendants moved for dismissal or summary judgment, and attached a copy of the warrant for Napier's arrest. After hearing argument on the motion, the district court granted summary judgment for the defendants. On appeal, Napier argues that the district court's judgment must have been based on his failure to swear to his complaint under penalty of perjury, an omission which he states that he has now corrected.
 
 
 4
 Upon review, we conclude that the summary judgment for defendants must be affirmed, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A party responding to a motion for summary judgment may not rest on his pleadings, but must present significant probative evidence in support of his complaint. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Napier's conclusory assertion that there was no warrant for his arrest was thus insufficient in the face of the submission of the actual warrant by the defendants. The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation